IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DWAYNE CORTEZ PLUMMER                                                PLAINTIFF

VERSUS                                                   CIVIL ACTION NO.  2:15-cv-124-KS-MTP

BILLY MCGEE, et al.                                                  DEFENDANTS

## ORDER OF PARTIAL DISMISSAL

This matter comes before the Court, *sua sponte*, for consideration of the dismissal of Defendant Forrest County Jail.  Plaintiff filed the instant civil action pursuant to 42 U.S.C. § 1983 on September 18, 2015.  Having reviewed the Complaint [1], Plaintiff's Response [25], Amended Complaint [26], and applicable law, the Court has determined that Plaintiff cannot maintain this case against Defendant Forrest County Jail and as such, this defendant will be dismissed with prejudice.

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended) ("PLRA"), applies to prisoner proceedings *in forma pauperis*, and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Because Plaintiff has been granted *in forma pauperis* status, *see* Order [16], § 1915(e)(2) applies to this case.

In order to state a viable claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States and that the person depriving Plaintiff of this right acted under color of any statute of the State.  *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988).  To determine if the Defendants have the capacity to be sued, the Court will refer to Rule 17(b) of the Federal Rules of Civil Procedure.

Pursuant to Rule 17(b) of the Federal Rule of Civil Procedure, the Defendants' capacity to be sued is determined by the law of the State of Mississippi. Under Mississippi law, a county jail, like the Forrest County Jail, "does not enjoy a separate legal existence" apart from the County and thus lacks capacity to be sued. *See Brown v. Thompson*, 927 So.2d 733, 737 (Miss.2006); *Payne v. Dickerson*, No. 3:07-cv-3-D, 2008 WL 1724003, at *6 (N.D. Miss. Apr. 10, 2008) ("Because the Marshall County Sheriff's Department under the laws of the state of Mississippi has no legal identity separate from Marshall County it is not subject to suit."). Therefore, Plaintiff is unable to state a claim upon which relief can be granted against the Jail. *See, e.g., Tuesno v. Jackson*, No. 5:08-CV-302-DCB-JMR, 2009 WL 1269750, at *1 (S.D. Miss. May 7, 2009) (dismissing claims against defendant county jail because the jail was not a political subdivision or legal entity in and of itself, but was merely a department of the County). Even though Plaintiff was given an opportunity to name Forrest County as a defendant in this action, he failed to do so in his Response [25]. Because the Forrest County Jail is merely a department of Forrest County, Mississippi, this Defendant is not a proper party and must be dismissed with prejudice for Plaintiff's failure to state a claim against it. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court, however, determines that Defendants Billy McGee and Nurse Lisa have the capacity to be sued and that at this stage of the screening process, Plaintiff has stated an arguable claim in his Complaint [1], Response [25], and Amended Complaint [26] against Defendants Sheriff Billy McGee and Nurse Lisa. Accordingly, it is

ORDERED AND ADJUDGED that Defendant Forrest County Jail is dismissed with prejudice for Plaintiff's failure to state a claim against it. A separate order directing process to issue for the remaining Defendants will be entered.

IT IS FURTHER ORDERED AND ADJUDGED as provided in 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, the Court may designate and assign a magistrate judge to hear a prisoner petition challenging the conditions of confinement. The Court hereby refers this cause to **United States Magistrate Judge Michael T. Parker** for all further proceedings provided for by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure to include conducting hearings and submitting to the district judge assigned to this cause proposed findings of fact and recommendations for the disposition of this cause.

SO ORDERED AND ADJUDGED, this the 27th day of May, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE